**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SHERRY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-3301-J |
| | ) | |
| KIMON THERMOS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, appearing pro se, has filed a one-page Complaint naming more than thirty defendants, including Kash Patel, Markwayne Mullin, an assortment of judges, and various political or government officials. [Doc. No. 1]. The entirety of the Complaint is two sentences: (1) Defendants are potential award-winning actors; and (2) Defendants need to enhance their skills with the assistance of the Court. *Id.* Having reviewed the Complaint, the Court concludes it should be dismissed upon filing as frivolous because it lacks any factual basis for a cognizable claim. Additionally, Plaintiff fails to provide any information which would suggest the Court may exercise subject matter jurisdiction over this action. *See id.*

Accordingly, pursuant to the Court's inherent power to manage its docket, Plaintiff's Complaint is DISMISSED without prejudice as frivolous. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *see also Lietzke v. Shashy Realty, LLC*, No. CIV-26-666-R, 2026 WL 914951, at *1 (W.D. Okla. Apr. 2, 2026) (employing the court's inherent authority to manage its docket and dismissing pro se complaint as frivolous).

A separate judgment will issue.

IT IS SO ORDERED this 16th day of November, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE